Drusianna P. Adamo, Claimant, *v.* The State of New York, Defendant. (Claim No. 21778.)

Court of Claims, July 10, 1931.

*John J. O'Connor*, for the claimant.

*John J. Bennett, Jr., Attorney-General [John L. Campbell, Deputy Assistant Attorney-General*, of counsel], for the defendant.

Potter, J. This claim arises out of an appropriation of land of the claimant, the owner of Cobblestone Inn, located in the village of Coxsackie, N. Y. The land appropriated consisted of 2,333 square feet. Cobblestone Inn in the village of Coxsackie has been there for a period of over thirty years. It has a very attractive appearance and is located on the main highway between Albany and New York. Prior to the appropriation of the land in question it had a frontage upon the main road of 145 feet. It had a private driveway entering the property wide enough for an automobile to drive in and stand and another automobile to drive out at the same time. Aside from that, it had a very attractive lawn with shrubs and flowers located thereon which added materially to the property, and in my opinion was a valuable asset as a part of a

country hotel property. In the elimination proceedings the private driveway and the grass plot on the other side of the private driveway were entirely taken by the State. This leaves the hotel on that side fronting upon a public highway with a walk between. The roadway itself probably comes up within four feet of the hotel. The hotel is quite a substantial building with eight rooms on the principal floor and fourteen sleeping rooms on the second floor together with an attic over it used for storage purposes. The hotel has a good cellar under it and the structure itself was well and substantially built and in good repair.

On the trial of this case there were two witnesses sworn by the claimant, both real estate men, one of ten years' experience in buying and selling real estate in the village of Coxsackie and surrounding territory, and the other of eight years' experience in buying and selling property located in such village and surrounding territory adjacent thereto. They placed the value of the property before the elimination proceedings at $32,000, and after the elimination proceedings at $20,000, making the total damage for the land taken and the consequential damage to the remainder $12,000. The State had two witnesses testifying as to the value of the property before the taking and the value after the taking. The first witness had never bought or sold real estate except that he had bought some for himself. He had been supervisor, assessor and sheriff. His testimony was very unsatisfactory. In answering the question as to the value of the property before the taking he answered and said $14,000, and after the taking about $12,300, making the total damage to the property for the land appropriated and the consequential damages $1,700. On cross-examination, however, he said that if the hotel was doing a certain amount of business it would be worth $17,000. The other witness for the State was a merchant residing in Coxsackie. He had been assessor for the town for several years and so far as the record is concerned had never bought or sold any real estate, except for himself, and only knew the value thereof from his experience obtained by reason of being assessor of the town, and from what he had heard about sales. He fixed the value of the property before the taking at $12,500, and the value after the taking at $10,975, making a total damage of $1,525.

It seems strange that the State and the railroad company who are bound to pay ninety-nine per cent of the award, with all the resources at their command, could not have produced on the trial of this claim real estate men who at least would have been familiar with real estate sales and values in the locality where this property is situated.

There is a wide difference of opinion as to the value of this property as testified to by the claimant's witnesses and the value of the property as fixed by the State's witnesses. After carefully considering the testimony and seeing and hearing the witnesses in the claim and viewing the property, I have reached the conclusion that the value of this property before the elimination proceedings was $27,000, and the value of the land taken from this property and the consequential damages flowing therefrom reduced the value of the property after the taking to the sum of $19,500, making the damage the claimant has suffered by reason of the appropriation the sum of $7,500.

The claimant is entitled to judgment against the State in the sum of $7,500, together with interest thereon from the 9th day of May, 1929.

PARSONS, J., concurs.